UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 4:22-CR-024 |
| v. | |
| | **PLEA AGREEMENT** |
| MONROE WARDLOW, | |
| Defendant. | |

The United States of America (also referred to as "the Government"), Defendant, MONROE WARDLOW, and Defendant's attorney, enter into this Plea Agreement.

**A.    CHARGES**

1.    <u>Subject Offense.</u>    Defendant will plead guilty to Count 2 of the Indictment, that charges Possession or Attempted Possession of Obscene Visual Representations of the Sexual Abuse of Children, in violation of Title 18, United States Code, Section 1466A(b).    Defendant also agrees to forfeiture of the cell phone used in the commission of the offense, as set forth in this Plea Agreement and listed in the Indictment.

2.    <u>Charges Being Dismissed.</u>    If the Court accepts this Plea Agreement, Count 1 of the Indictment, which charges Receipt or Attempted Receipt of Obscene Visual Representations of the Sex Abuse of Minors, in violation of Title 18, United States Code, Section 1466A(a), will be dismissed at the time of sentencing. Defendant understands that, even though Count 1 will be dismissed, all relevant conduct will be considered by the Court at the time of sentencing.

1

## B.    MAXIMUM PENALTIES

3.    Maximum and Mandatory Minimum Punishment. Defendant understands that, due to his prior conviction for possessing child pornography, Count 2, the crime to which Defendant is pleading guilty, carries a mandatory minimum sentence of at least 10 years in prison and a maximum sentence of 20 years in prison; a maximum fine of $250,000; and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 per count must also be imposed by the Court. Defendant understands that the Court may not impose a sentence less than the mandatory minimum sentence unless the Government files a motion for substantial assistance under 18 U.S.C. § 3553(e).  No one has promised Defendant that Defendant will be eligible for a sentence of less than the mandatory minimum.

4.    Supervised Release--Explained. Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions.  If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than 2 years in prison on any such revocation, without any credit for time previously served. Any violation of supervised release in this case might also constitute a violation of the supervised release terms of the other criminal sentence Defendant is serving, in *United States v. Wardlow*, 4:12-cr-00182 (S.D. Iowa).

5.    Effect on Pending Supervised Release. Defendant understands that his guilty plea in this case will constitute an admission that he violated the terms of supervised release he is serving in his earlier-filed criminal case, *United States v.*

*Wardlow*, 4:12-cr-00182. Because his prior conviction is a Class B felony under 18 U.S.C. § 3559(a)(3), his guilty plea in this case could result in his supervised release in *United States v. Wardlow*, 4:12-cr-00182 being revoked, and a sentence of up to two (2) years imprisonment, with an additional term of supervised release to follow, pursuant to 18 U.S.C.§ 3583(e) and (h), which could be as long as a life term, under 18 U.S.C. § 3583(k). Defendant understands the Government will seek revocation of his supervised release in *United States v. Wardlow*, 4:12-cr-00182 and will ask for a ten (10) year term of supervised release to be imposed upon him, either as a modification of his current term of supervised release or as a part of a revocation sentence. This Plea Agreement does not impact the arguments the parties can make concerning the appropriate sanction against the Defendant for violating his supervised release in *United States v. Wardlow*, 4:12-cr-00182.

6.   Detention.   Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act, 18 U.S.C. § 3143, Defendant agrees to remain in custody following the completion of the entry of Defendant's guilty plea to await the imposition of sentence.

C.   **NATURE OF THE OFFENSE – FACTUAL BASIS**

7.   Elements Understood.   Defendant understands that to prove the offense alleged under Count 2 (Possession or Attempted Possession of Obscene Visual Representations of the Sexual Abuse of Children), the Government would be required to prove beyond a reasonable doubt the following elements:

   a) The defendant knowingly possessed visual depictions, namely computer-generated images;

3

b) The visual depictions show images of minors engaging in sexually explicit conduct;

c) The visual depictions are obscene;

d) The visual depictions involved in the offense had been shipped or transported in interstate or foreign commerce by any means, including by computer, and were produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce.

8. <u>Factual Basis.</u>  As a factual basis for Defendant's plea of guilty, Defendant admits the following:

a) Defendant Wardlow has a prior conviction for possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and was sentenced in that case on July 25, 2013, to 96 months' imprisonment, to be served consecutively to two undischarged state court sentences. He was also ordered to serve 6 years of supervised release *United States v. Wardlow,* Crim. No. 4:12-CR-00182 (S.D. Iowa);

b) Between September 14 and September 22, 2020, while on supervised release in the above-referenced child pornography case, Defendant Wardlow possessed an Alcatel MyFlip cell phone, in the Southern District of Iowa, without the required permission of his U.S. Probation Officer to access the internet with it;

c) During this time frame, Defendant Wardlow used the Alcatel MyFlip phone to access the Internet, and search for visual depiction of the sexual abuse of minors, including computer-generated images of such sexual abuse;

d) Some of the search terms Defendant Wardlow used included "3d anime porn xyz", "Hentia", "Incest teens", "Preteen girls sexy", "Real ped art gallery", "Real preteen sex art gallery", and "Sex trafficking";

e) One of the Internet sites Defendant accessed to search for such images was http://pureloli-hentai.xyz, an Internet site specializing in obscene visual depictions of minors, whether drawn or computer-generated. "Loli" stands for "Lolita", a search term used by people to look for images of minors engaged in sexual activity;

f) During this time frame, Defendant Wardlow knowingly looked at, and therefore possessed, approximately 72 computer-generated visual depictions of the sexual abuse of minors, including, but not limited to, the following:

  i. A toddler performing oral sex on an adult male;

  ii. Another toddler-like image which had just performed oral sex on an adult male and who was covered with semen;

  iii. An image of two naked, prepubescent females, with one being raped by an adult male; and

  iv. An image of a girl under the age of 12 being vaginally penetrated by a dog, after having performed oral sex on another male dog.

g) The visual depictions Defendant Wardlow possessed on his cell phone during this time period are obscene, because the average person, applying contemporary community standards, would find that the visual depiction images, taken as a whole, appeal to the prurient interest, the images depict, in a patently offensive way, sexual conduct specifically defined by the applicable statutes, and many of the visual depictions, taken as a whole, lacks serious literary, artistic, political, or scientific value; and

h) The visual depictions involved in the offense had been shipped or transported in interstate or foreign commerce by any means, including by the Internet, and were produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce, namely a French brand cell phone, manufactured in China.

9.    Truthfulness of Factual Basis.    Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

10.    Waiver of Rule 410 Rights.    Defendant expressly waives Defendant's

rights under Fed. R. Crim. P. 410 and agrees that all factual statements made in this Plea Agreement, including under the Factual Basis, are admissible against Defendant. Should Defendant fail to plead guilty pursuant to this Plea Agreement or move to withdraw Defendant's plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the Government's case-in-chief and otherwise, including during the continuing prosecution of this case.

11.    Venue.  Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D.    SENTENCING**

12.    Sentencing Guidelines.    Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law.  As noted in Appendix A to the U.S. Sentencing Guidelines Manual, the applicable offense conduct guideline in this case is USSG § 2G2.2. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

a) Defendant committed the instant offense while under a criminal justice sentence, specifically while serving a term of supervised release, which calls for the imposition of 2 criminal history points under USSG § 4A1.1(d);

b) The offense involved obscene visual representations of prepubescent minors and minors who had not attained the age of 12, requiring a 2-level increase in the sentencing range under USSG § 2G2.2(b)(2);

c) The offense involved material that portrays sadistic , masochistic, and violent conduct, requiring a 4-level increase in the sentencing range, under USSG § 2G2.2(b)(4);

d)  The offense involved the use of a computer and an interactive computer service, requiring a 2-level increase in the sentencing range, under USSG §  2G2.2(b)(6);

e)  The offense involved the possession, or attempted possession, of f more than 10 and less than 150 obscene visual representation of the sexual abuse of minors, a 2-level increase in the sentencing range, under USSG §  2G2.2(b)(7); and

f)  If the statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence, as required by USSG §  5G1.1(b).

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction.  Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

13.  Acceptance of Responsibility.  The Government agrees as a recommendation to the District Court that Defendant receive credit for acceptance of responsibility under USSG §3E1.1(a). The Government reserves the right to oppose a reduction under §3E1.1(a) if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or  otherwise fails to clearly demonstrate acceptance of responsibility.  If Defendant qualifies for a decrease under § 3E1.1(a), and the base offense level is 16 or above, as determined by the Court, the Government agrees to make a motion to the District Court that Defendant should receive an additional 1-level reduction under USSG §3E1.1(b), based on timely notification to

the Government of Defendant's intent to plead guilty. The government may withhold this motion based on any interest identified in USSG § 3E1.1.

14.    Presentence Report.    Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report.    The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

15.    Disclosure of Presentence Investigation Reports.    The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

16.    Evidence at Sentencing.    The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement.    Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to

appear at proceedings or make statements that do not otherwise exist.

17.    Sentence to be Decided by Judge -- No Promises.    This Plea Agreement is entered pursuant to Fed. R. Crim. P. 11(c)(1)(A). Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the possible sentence to be imposed made by a defense attorney or the Government is only a prediction, is not a promise, and is not binding. Therefore, it is uncertain at this time what Defendant's actual sentence will be.

18.    No Right to Withdraw Plea.    Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

E.    FINES, COSTS, AND FORFEITURE

19.    Forfeiture.    Defendant agrees to forfeiture of the property identified in the Indictment, specifically his Alcatel MyFlip cell phone (Model: A405DL, IMEI: 015551003532210). Defendant will execute any documents as directed by the Government to complete the forfeiture.

20.    Waivers Regarding Forfeiture.    Defendant waives all challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds. Defendant

9

further agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive Defendant notwithstanding the abatement of any underlying criminal conviction after execution of this Plea Agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

21.    Consent to Judgment of Forfeiture. Defendant agrees to waive all interest in assets subject to this Plea Agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

22.    Fines and Costs. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

23.    Special Assessment. Defendant agrees to pay the mandatory special assessment of $100 per count of conviction at or before the time of sentencing, as required by 18 U.S.C. § 3013.

## F.     LIMITED SCOPE OF AGREEMENT

24.     Limited Scope of Agreement.     This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement.     Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.     This Plea Agreement does not negate the Supervised Release proceedings pending against the Defendant

25.     Agreement Limited to Southern District of Iowa.     This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

26.     Sex Offender Registry.     Defendant understands that, due to his prior child pornography conviction, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).     Defendant also understands that independent of supervised release, Defendant will be subject to federal and state sex offender registration requirements because of his prior child pornography conviction, and that those requirements may apply throughout Defendant's life.     Defendant understands that Defendant shall keep Defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence,

employment, phone number, Internet identifiers, student status, or other required information. Defendant shall comply with requirements to periodically verify in person Defendant's sex offender registration information. Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon Defendant's release from confinement following conviction. As a condition of supervised release in his prior child pornography case, Defendant shall initially register with the state sex offender registration in the state of Iowa, and shall also register with the state sex offender registration agency in any state where Defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update Defendant's registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## G.    WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

27.    <u>Trial Rights Explained.</u> Defendant understands that this guilty plea waives the right to:

    (a)    Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

    (b)    A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

    (c)    The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant

cannot afford to hire an attorney;

(d)    Confront and cross-examine adverse witnesses;

(e)    Present evidence and to have witnesses testify on behalf of Defendant, including having the Court issue subpoenas to compel witnesses to testify on Defendant's behalf;

(f)    Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

(g)    If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

28.    <u>Waiver of Appeal and Post-Conviction Review.</u>  Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s), or to the Court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the Court, to the extent that an appeal is authorized by law.  Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255.  These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H.   VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

29.   <u>Voluntariness of Plea.</u>   Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

(a)   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

(b)   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

(c)   No one has threatened Defendant or Defendant's family to induce this guilty plea.

(d)   Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

30.   <u>Consultation with Attorney.</u>   Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

(a)   Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

(b)   Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

(c)   Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision.   Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I.    GENERAL PROVISIONS

31.    Entire Agreement.    This Plea Agreement, and any attachments, is the entire agreement between the parties.    Any modifications to this Plea Agreement must be in writing and signed by all parties.

32.    Public Interest.    The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

33.    Execution/Effective Date.    This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

34.    Consent to Proceed by Video Conferencing.    Defendant consents to any proceedings in this case, to include plea and sentencing proceedings, being conducted by video or telephone technology, if the Court finds further delay would seriously harm the interests of justice. Defendant has had the opportunity to consult with Defendant's attorney about the use of video or telephone technology in this case.

## J.    SIGNATURES

35.    Defendant.    I have read all of this Plea Agreement and have discussed it with my attorney.    I fully understand the Plea Agreement and accept and agree to it without reservation.    I do this voluntarily and of my own free will.    No promises have been made to me other than the promises in this Plea Agreement.    I have not been threatened in any way to get me to enter into this Plea Agreement.    I am

satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case.   I am entering into this Plea Agreement and will enter my plea of guilty under this Plea Agreement because I committed the crime to which I am pleading guilty.   I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

<u>5-9-22</u>
Date

MONROE WARDLOW

36.    <u>Defendant's Attorney.</u>   I have read this Plea Agreement and have discussed it in its entirety with my client.   There is no Plea Agreement other than the agreement set forth in this writing.   My client fully understands this Plea Agreement.   I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion.   I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea.   I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

<u>5-9-22</u>
Date

Joseph Herrold
Assistant Federal Public Defender
Capital Square
400 Locust Street, Suite 340
Des Moines, IA 50309
Phone: (515) 309-9610
E-mail: Joe_Herrold@fd.org

37.    United States.    The Government agrees to the terms of this Plea

Agreement.

                                        Richard D. Westphal
                                        United States Attorney


____6/1/22____              By:    _____
Date                                    Craig Peyton Gaumer
                                        Assistant U.S. Attorney
                                        U.S. Courthouse Annex, Suite 286
                                        110 East Court Avenue
                                        Des Moines, Iowa 50309
                                        Telephone:  515-473-9300
                                        Telefax:  515-473-9292
                                        E-mail: Craig.Gaumer@usdoj.gov