IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | Criminal No. 4:16-cr-00135 |
| v. | ) ) ) | Sentencing Brief |
| JORDAN ADOLFO TURNER, | ) ) | |
| Defendant. | ) ) | |

## Table of Contents

I.    **Introduction** ........................................................................................ 1

II.   **Sentencing Procedure** ..................................................................... 2

III.   **The Advisory Guidelines** .............................................................. 3

IV.   **Section 3553(a) Analysis** ................................................................ 3

V.    **Conclusion** ........................................................................................ 6

## I.    Introduction

Defendant Wardlow, a convicted child pornographer, comes before this Court to be sentencing for, again, using the internet to delve into a marketplace of illicit sexual imagery of minors.

Based on the record in this case and in Wardlow's earlier case, the Government recommends a sentence at the statutory minimum of ten (10) years' incarceration.

Defendant is also being sentenced for violating the supervised release terms he is serving for his prior child pornography conviction, and the Government recommends whatever sentence the Court imposes in the supervised release matter be consecutive to the sentence in the current criminal case.

## II.    <u>Sentencing Procedure</u>

The U.S. Sentencing Commission Guidelines Manual is useful in this case for helping to identify why the defendant's sentence should be substantial.  Though no longer mandatory, *United States v. Booker,* 543 U.S. 220 (2005), the Guidelines still play an important role in sentencing procedures.  A district court must begin "by correctly calculating the applicable Guidelines range," *Gall v. United States,* 552 U.S. 38, 49 (2007).  "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."  *Id.* at 49. The court must then consider the parties' arguments and factors specified in 18 U.S.C. § 3553(a).  *Gall,* 552 U.S. at 49–50.  The court "may not presume that the Guidelines range is reasonable." *Id.* at 50.  District courts are charged with imposing sentences that are " 'sufficient, but not greater than necessary' to comply with the sentencing purposes set forth in" § 3553(a).  The court may "in appropriate cases impose a non-Guidelines sentence based on disagreement with the [Sentencing] Commission's views."  *Pepper v. United States,* 562 U.S. 476,501 (2011) (citing *Kimbrough v. United States,* 552 U.S. 85, 109–110 (2007)).  The district court must explain the basis for its chosen sentence on the record.  *Gall,* 552 U.S. at 50.  "[A] major departure [from the Guidelines] should be supported by a more significant justification than a minor one." *Id.*

### III.    The Advisory Guidelines

Concerning the offense of conviction, the Final PSR (DCD 42), calculated the Advisory Guidelines range at Level 23, criminal history category IV, for a recommended imprisonment range of 70 to 87 months.  However, this range becomes 120 months because of the statutory minimum sentence of 120 months. (DCD 42, ¶ 129.)

As far as Defendant's supervised release revocation matter is concerned, the Advisory Guidelines, USSG §7B1.3(a)(1), §7B1.4(a) require revocation, and recommend a revocation range of 12 to 18 months incarceration, with a statutory maximum of two (2) years imprisonment.

### IV.    Section 3553(a) Analysis

**(1) The nature and circumstances of the offense and the history and characteristics of the defendant**

Defendant was convicted in this Court in 2013 with possessing child pornography he downloaded from the internet. His collection included images of prepubescent females. He admitted to the case agent his sexual interest was in 13- to 17-year-old females. (DCD 42, ¶ 71.)

While on supervised release for his earlier case, Defendant used cocaine and marijuana. (DCD 42, ¶ 71.)  He has violated the Iowa Sex Offender Registry by not disclosing a Facebook account. (*Id.*) He used the internet without permission and also viewed pornography several times (*Id.*)  He has had his supervised release revoked twice before this. (*Id.*)

Defendant has a criminal history dating back to 2002, for things such as theft (fifth), fighting in public, interference with official acts (three times), making false reports to law enforcement, domestic assault, contempt for violating a no contact order, burglary, and numerous vehicle/driving related crimes. Defendant's history of drug abuse and violence is concerning.

Defendant committed the current crime while on supervised release. He looked for and found computer-generated visual depictions of the sexual abuse of minors, including images of a toddler performing oral sex on a male, a toddler who had performed oral sex on an adult male to the point of ejaculation, an image of two prepubescent females being raped by an adult male, and an image of a female under the age of 12 being raped by a dog, after having performed oral sex on another male dog. (DCD, ¶ 25.) Defendant's conduct was no accident: he sought out such images, as shown by some of his search terms, including anime porn xyz Hentia, preteen girls sexy, real ped art gallery, real preteen sex art gallery, and real teen sex art gallery. The nature of the search terms shows he was likely seeking child pornography as well. (DSC 42, ¶ 29, 31.) And, of particular concern, is the fact the Defendant was searching for the term "sex trafficking."

In Defendant's past, he performed oral sex on a four (4) to five (5) year old boy. (DCD 42, ¶ 100.) He was diagnosed in 2019 with pedophilic disorder. (DCD 42, ¶ 100.) He also deals with various controlled substance disorders, and bi-polar disorder induced by controlled substances. (DCD 42, ¶ 100.) He completed the

Bureau of Prisons' 400-hour residential drug abuse treatment program (DCD 42, ¶ 110), and still used drugs and alcohol while on supervised release.

Defendant had a troubled upbringing. (DCD 42, ¶ 81 – 82, 85.)  He has sought treatment for an "addiction" to pornography. (DCD 42, ¶ 99.)

Notwithstanding all of the treatment Defendant has completed, his illegal and problematic behaviors continue.

**(2)  The seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense**

The crime Defendant committed is a serious felony, with an enhanced penalty because he is a recidivist convicted of a sex offense involving obscene depictions of minors. If not for the Plea Agreement, Defendant would be facing a mandatory minimum of 15 years for receipt / attempt receipt of the same materials, which underscores the seriousness of the offense conduct, and the need for the sentence to promote respect for the law, and to provide just punishment.

**(3)  The need to afford adequate deterrence to criminal conduct**

Defendant's original term of incarceration, and his prior revocation sentences, have not deterred him from using the internet to seek out child pornography and material showing the sexual abuse of minors.  A strong deterrent is needed to hopefully set this Defendant straight.

**(4)   The need to protect the public from further crimes of the defendant**

Defendant simply cannot be trusted to avoid engaging in illegal behavior while not incarcerated.

**(5)   The need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

Defendant's needs in these areas can be addresses either within the U.S. Bureau of Prisons or with the assistance of the U.S. Probation Office while on supervised release.

**(6)  The guidelines, policy statements, and the statutory punishment**

The Guidelines recommend a lengthy sentence, and the statutory punishment is a minimum of ten (10) years' incarceration.

**(7)   The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**

This "factor often favors a sentence within the advisory guidelines range." *United States v. Munjak,* 669 F.3d 906 (8th Cir. 2012).

**(8)  The need to provide restitution to any victims of the offense**

. There are no victims in this case.

**(9)  Variance**

The government is unaware of any factual or legal grounds for a variance.

**(10)  Supervised release.**

In this matter, the Government recommends the Court lengthen the supervised release term in Defendant's parallel criminal case as part of the revocation sentence.   Defendant has exhausted the system's hope that a lesser term of supervised release would inspire him to walk a straight and narrow path.  He has, instead, persistently engaged in misconduct while on supervised release.  His pattern

of illegal conduct dating back now over a decade calls for lengthy supervised release, which can be shortened if he eventually complies long-term with the conditions of release imposed upon him.  The Government hopes Defendant can earn this reward for good behavior.  He most certainly merits it for repetitive bad behavior.  The Government recommends a 10-year term.

### V.    Conclusion

Defendant Wardlow poses a serious danger to the public, particularly to minors.  His lengthy criminal record demonstrates he cannot conform his conduct to the laws of the land.  And, in particular, his currently uncontrollable sexual desire for minor children is something that must be contained by incarceration.  Based on the record of both of Defendant's criminal cases, the United States recommends a sentence of at least 120 months be imposed upon him  in this case, in combination with a consecutive sentence for violating the terms of his supervised release. Additionally, and perhaps most importantly in this case, Defendant's conduct merits a  lengthy term of supervised release, for the protection of the community and to provide him with assistance in conforming his conduct to societal norms and legal expectations.

Respectfully submitted,

Richard D. Westphal,
United States Attorney

By:    /s/ *Craig Peyton Gaumer*
Craig Peyton Gaumer
Assistant United States Attorney
U.S. Courthouse Annex, Suite 286

110 E. Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: Craig.Gaumer@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2022, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

_____U.S. Mail _____ Fax _____Hand Delivery

_X___ECF/Electronic filing     ____Other means

UNITED STATES ATTORNEY

By: /s/ *Carla Ralph*_____
          Paralegal Specialist

8